Filed 11/24/25  In re I.G. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re I.G., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B341580 (Super. Ct. No. 24JV00182) (Santa Barbara County) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>I.G.,<br><br>    Defendant and Appellant. | |

I.G., a minor, appeals from the jurisdiction and disposition orders after the juvenile court found that he committed accessory after the fact (Pen. Code, § 32) and declared him a ward of the court (Welf. & Inst. Code, § 602).[1]  He contends there was

---

[1] All further undesignated statutory references are to the Welfare & Institutions Code.

insufficient evidence to support the juvenile court's findings.  He also contends, and the People concede, that recent amendments to section 730.6 apply retroactively, requiring that the restitution fine imposed by the juvenile court be stricken.

We conclude substantial evidence supports the juvenile court's finding that appellant committed a violation of Penal Code section 32.  However, we agree that section 730.6 applies retroactively.  We will therefore strike the restitution fine but affirm the judgment in all other respects.

*Facts and Procedural Background*

In February 2024, James Watson, a competitive cyclist, was riding his bicycle on Highway 246 when he was shot multiple times with an airsoft or pellet gun by an occupant in the vehicle driven by appellant.  Watson sustained minor injuries and his bicycle was damaged.

Santa Barbara County Sherrif's Deputy Carlos Ochoa-Castaneda investigated the incident.  He collected surveillance video near the area around the time of the shooting, which showed a Camry matching Watson's description.  Deputy Ochoa-Castaneda ran the Camry's license plate and discovered that it was registered to appellant's father.  When Deputy Ochoa-Castaneda contacted the father, he said appellant had been driving the Camry on the day of the incident and provided the deputy with appellant's phone number.  Deputy Ochoa-Casteneda then spoke with appellant.  He explained why he was calling, and asked if appellant was "involved" in the incident.  Appellant replied, "Yeah.  I was driving the car, but that's all I'll say."

In April 2024, a Juvenile Wardship Petition (§ 602, subd. (a)) was filed.  It alleged that appellant, who was 17-years old at the time, committed the crime of accessory after the fact with

knowledge that the crime of assault by means likely to produce great bodily injury had been committed in violation of Penal Code section 245, subdivision (a)(4). (§ 32.)

At the contested hearing on the petition, Watson testified that he was riding his bicycle on the highway when he noticed a white vehicle veer off to the right of the road and slow down behind him. He recognized the vehicle as a pre-2009 Toyota Camry because he used to own a 2009 Toyota Camry. The windows of the vehicle were open, which Watson thought was unusual because the weather was "precipitous" and cold, not "commensurate with a nice day."

As he rode, Watson heard a "staccato sound," felt pain on the left side of his body, and heard a "good number of pellets strike [his] bicycle." He believed he had been shot. He observed the Camry's "windows going up as [it was] speeding away." Watson studied the vehicle for approximately 15 to 20 seconds. He later spoke with Deputy Ochoa-Castaneda and provided a description of the suspect vehicle.

After listening to testimony and considering the evidence presented, the juvenile court sustained the petition, declared appellant a ward of the court, and ordered him home on probation with a maximum confinement time of two years.

*Standard of Review*

When a minor challenges the sufficiency of the evidence supporting the juvenile court's true findings of the criminal allegations contained in the section 602 petition, we apply the same standard of review that applies in adult criminal cases where a defendant challenges the sufficiency of the evidence. (*In re V.V.* (2011) 51 Cal.4th 1020, 1026.) We review the entire record in the light most favorable to the judgment to determine

3

whether it discloses substantial evidence that is reasonable, credible, and of solid value such that a reasonable trier of fact could find appellant guilty beyond a reasonable doubt. (*In re Ryan N.* (2001) 92 Cal.App.4th 1359, 1371-1372; *People v. Johnson* (1980) 26 Cal.3d 557, 576-578.)

We presume in support of the judgment the existence of every fact the trier of fact could reasonably have deduced from the evidence. If the circumstances reasonably justify the trier of fact's findings, the opinion of the reviewing court that the circumstances might also reasonably be reconciled with a contrary finding does not warrant reversal of the judgment. (*In re V.V., supra*, 51 Cal.4th at p. 1026.) We resolve neither credibility issues nor evidentiary conflicts. (*People v. Manibusan* (2013) 58 Cal.4th 40, 87.)

*Sufficiency of the Evidence*

Appellant contends there was insufficient evidence that he committed accessory after the fact because the evidence fails to establish that he knew that a passenger in the vehicle he drove shot at and hit a cyclist with a possible air gun. He also contends the evidence fails to establish that by continuing to drive, he intended to aid that passenger in escaping punishment. As we shall explain, these contentions are meritless.

Penal Code section 32 provides, "Every person who, after a felony has been committed, harbors, conceals or aids a principal in such felony, with the intent that said principal may avoid or escape from arrest, trial, conviction or punishment, having knowledge that said principal has committed such felony or has been charged with such felony or convicted thereof, is an accessory to such felony."

"'The crime of accessory consists of the following elements: (1) someone other than the accused, that is, a principal, must

4

have committed a specific, completed felony; (2) the accused must have harbored, concealed, or aided the principal; (3) with knowledge that the principal committed the felony or has been charged or convicted of the felony; and (4) with the intent that the principal avoid or escape from arrest, trial, conviction, or punishment.'" (*People v. Moomey* (2011) 194 Cal.App.4th 850, 856 (*Moomey*); *People v. Partee* (2020) 8 Cal.5th 860, 866-867.)

Here, the alleged underlying crime to which appellant was an accessory was the assault against Watson with an airsoft or pellet gun. The evidence at the hearing, including Watson's testimony and appellant's admission that he was "involved in the shooting, i.e., he was driving the car from which the shooting occurred, supports the juvenile court's finding that appellant committed accessory after the fact. Although, as the juvenile court explained, the evidence was to a "great extent" circumstantial, the "only reasonable inference" it could draw was that appellant was driving the car involved in the shooting, he knew what was happening, and he assisted in both the commission of the offense and in helping the perpetrator escape.

Appellant disagrees and raises several contentions in response. For example, he claims the evidence that his father's Camry was the vehicle involved in the incident was weak; the evidence did not establish that he knew the principal had committed a felony, as required; Watson's description of some events "appears improbable"; and the evidence did not establish that he intended to help the principal avoid or escape arrest, trial, conviction, or punishment. These contentions are meritless.

First, appellant admitted that he was driving his father's Camry when Deputy Ochoa-Castaneda contacted him and asked if he was "involved" in the incident. Watson also testified that he

5

recognized the suspect vehicle as a pre-2009 white Toyota Camry because he used to own a similar make and model. Watson observed the vehicle for approximately 15 to 20 seconds after the shooting and later identified appellant's father's Camry as the one he saw when he was shot. Additionally, video surveillance placed the Camry, registered to appellant's father, in the area around the same time of the shooting. This evidence was sufficient for the juvenile court to conclude that appellant was driving the vehicle involved in the shooting—and that vehicle was his father's Camry.

Second, the juvenile court believed it was "very clear" that appellant knew what was happening and knew what to do to help the perpetrator escape. As the juvenile court explained, "[Appellant] admitted he was the driver of the car. It's a rainy day, the car slows down, pulls over to be closer to the alleged victim, to Mr. Watson, windows are down, Mr. Watson testifies shots are fired, he hears the noise, he feels the impact, and the car speeds up and windows go up." Given these facts, the juvenile court concluded, "the only reasonable inference" that can be drawn is that appellant "knew what was going to happen, he knew what happened when it happened, and he knew what to do after it happened, and he took off."

Appellant claims "there is no evidence to show that appellant knew that a passenger in the car had committed an assault, much less a felony assault." He argues that "even an aggravated assault offense can be a misdemeanor," noting that a violation of Penal Code section 245, subdivision (a)(4) is a wobbler offense. But "the commission of a wobbler is a felony at the time it is committed and remains a felony unless and until the principal is convicted and sentenced to something less than

6

imprisonment in state prison (or the crime is otherwise characterized as a misdemeanor)." (*Moomey*, *supra*, 194 Cal.App.4th at p. 857.)

We must accept logical inferences the juvenile court might have drawn from the circumstantial evidence presented. (See *People v. Maury* (2003) 30 Cal.4th 342, 396.) Moreover, before the judgment of the trial court can be set aside for the insufficiency of the evidence, """it must clearly appear that on no hypothesis whatever is there sufficient substantial evidence to support the verdict . . . .""" (*People v. Conners* (2008) 168 Cal.App.4th 443, 453.) Given this standard and reviewing the evidence in the light most favorable to the judgment, appellant's insufficiency of the evidence claim fails.

Third, appellant's contention that Watson's testimony "appears improbable" does not require reversal. "While an appellate court can overturn a judgment when it concludes the evidence supporting it was 'inherently improbable,' such a finding is so rare as to be almost non-existent." (*People v. Ennis* (2010) 190 Cal.App.4th 721, 728; see also *People v. Headlee* (1941) 18 Cal.2d 266, 267 [where evidence is so improbable as to be incredible, and amounts to no evidence, appellate court authorized to set aside conviction].) "[T]he challenged evidence must be improbable "'on its face.'"" (*Ennis*, at p. 729.) "The only question is: Does it seem *possible* that what the witness claimed to have happened actually happened?" (*Ibid.*)

Here, appellant challenges Watson's description of the events, including whether he observed the Camry before or after the shooting, whether it was raining, and whether the windows were down at the time. But the juvenile court credited Watson's testimony and made reasonable inferences after considering all

the evidence. We accord due deference to the juvenile court's findings and reject appellant's attempt to reargue the evidence on appeal.

In sum, we conclude the evidence was sufficient to find that appellant committed accessory after the fact, that he knew the passenger in his vehicle shot at and hit Watson with the pellet gun, and by speeding off after the shooting, he intended to aid the passenger in escaping punishment.

*Restitution Fine*

The juvenile court ordered appellant to pay direct victim restitution of $9,431.81 and a restitution fine of $120. Appellant contends the $120 restitution fine imposed by the juvenile court should be stricken based on recent changes in the law.

While this appeal was pending, the Legislature amended section 730.6 and removed the requirement that a minor pay a restitution fine. The relevant portion of the statute now provides, "The court shall not impose a separate and additional restitution fine against a minor found to be a person described in Section 602." (*Id.*, subd. (a)(2).)

Appellant is entitled to the ameliorative benefits of this amendment. (See *In re Estrada* (1965) 63 Cal.2d 740, 745-746 [ameliorative legislation changes applicable to cases pending on appeal].)

*Disposition*

The $120 restitution fine is ordered stricken. The juvenile court is directed to amend the disposition order dated August 27, 2024, to reflect this fact. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.

                                    YEGAN, Acting P. J.

We concur:


        BALTODANO, J.


        CODY, J.

9

Gustavo E. Lavayen, Judge

Superior Court County of Santa Barbara

_____

Mary Bernstein, under appointment by the Court of Appeal, for Minor and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri, Supervising Deputy Attorney General, and Lauren N. Guber, Deputy Attorney General, for Plaintiff and Respondent.